# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

CHAIM ELIMELECH PURETZ
*also known as* ELI PURETZ

Defendant.

CASE NUMBER   3:24-CR-00496-RK-1

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, CHAIM ELIMELECH PURETZ, was represented by SARAH KRISSOFF, ESQ.

The defendant pleaded guilty to count 1 of the INFORMATION on 8/1/2024. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18:371 | CONSPIRACY TO COMMIT WIRE FRAUD AFFECTING A FINANCIAL INSTITUTION | In or around 2020 through in or around 2022 | 1 |

As pronounced on January 02, 2025, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for count 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this ___ day of January, 2025.

_____
Robert Kirsch
U.S. District Judge

08527

Judgment - Page 2 of 7

Defendant: CHAIM ELIMELECH PURETZ
Case Number: 3:24-CR-00496-RK-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months.

The defendant will surrender for service of sentence at the institution designated by, and on the date set by, the Bureau of Prisons. The Court makes the following recommendation to the Bureau of Prisons: The Court recommends that (1) the Bureau of Prisons designate FCI Otisville for service of this sentence, and (2) the defendant's surrender date be on or after July 1, 2025.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: CHAIM ELIMELECH PURETZ
Case Number: 3:24-CR-00496-RK-1

Judgment - Page 3 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You must cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you must provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Defendant: CHAIM ELIMELECH PURETZ
Case Number: 3:24-CR-00496-RK-1

Judgment - Page 4 of 7

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Defendant: CHAIM ELIMELECH PURETZ
Case Number: 3:24-CR-00496-RK-1

Judgment - Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____

Defendant                                         Date


_____

U.S. Probation Officer/Designated Witness          Date

Defendant: CHAIM ELIMELECH PURETZ  
Case Number: 3:24-CR-00496-RK-1

Judgment - Page 6 of 7

# FINE

The defendant shall pay a fine of $150,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 30 days of sentencing.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant: CHAIM ELIMELECH PURETZ    Judgment - Page 7 of 7
Case Number: 3:24-CR-00496-RK-1

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $20,315,457.39. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to the following victim:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| Chase<br>Holland and Knight<br>Attn: Cara Houck<br>RE: JPMC<br>150 North Riverside Plaza<br>Suite 2700<br>Chicago, IL  60606. | $20,315,457.39 |

The amount ordered represents the total amount due to the victim for this loss. The defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in this case, except that no further payments will be required once payment(s) by one or more defendants fully satisfies the victim's loss. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for this same loss:

Aron Puretz                                3:24-cr-00398-1

The restitution is due immediately and shall be paid in monthly installments of no less than $750.00, to commence 30 days after the date of this judgment.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.